

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 APR -2  PM 12: 24

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * * * | CIVIL ACTION NO. 01-1776 |
| Plaintiff, | * * | SECTION "I" |
| | * * | JUDGE:  AFRICK |
| vs. | * * | MAGISTRATE (2) |
| TIC – THE INDUSTRIAL COMPANY, and TIC HOLDINGS, INC. | * * * | MAG.:  WILKINSON |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CONSENT DECREE

1.     This Consent Decree ("Consent Decree" or "Decree") is made and entered into by and between, Plaintiff United States Equal Employment Opportunity Commission (hereinafter referred to as the "Commission" or the "EEOC") and Defendant TIC-The Industrial Company (hereinafter referred to as "TIC" or "the Company").  EEOC and TIC are collectively referred to herein as "the Parties."  This Decree resolves the cause of action instituted by the EEOC on June 11, 2001, by filing its Complaint And Jury Demand (hereinafter "Complaint") against TIC in the United States District Court for the Eastern District of Louisiana, Civil Action No. 01-1776. This Decree also resolves Charge Nos. 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, 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, 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, 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, and 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, (hereinafter collectively referred to as the "Individual Charges").

DATE OF ENTRY

APR  2 2003

1
Consent Decree

2.     The Commission has conducted an investigation of the allegations made in the Individual Charges and issued Letters of Determination (hereafter "LODs" or "findings") on March 12, 1998, on Individual Charge No. 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 and on March 20, 1998, on Individual Charge Nos. 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, 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, 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, and 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. The Commission shall not in the future attempt to present as evidence, rely on in any manner, or otherwise refer to the Individual Charges and/or the LODs issued on those Individual Charges.

3.     For the duration of this Consent Decree, should the EEOC file any Commissioner's Charge against TIC, whether as the respondent or as a co-respondent, the EEOC, consistent with all current practices, procedures and guidance, will advise TIC at the time such charge is served that the Commission encourages early settlement of such charges. Such settlement efforts may be commenced as soon as the Commission has obtained sufficient facts on each of the bases and issues raised in the charge to develop an informed settlement proposal. Settlement discussions will include, at least, a summary of the facts upon which the allegations of the Commissioner's Charge are based. TIC will be given an opportunity to respond and to reach a resolution of the Commissioner's Charge. Nothing in this Consent Decree will prevent the EEOC from issuing a Commissioner's Charge during the term of this Consent Decree.

4.     The Company absolutely denies the truth of each of the allegations in the Complaint, the Individual Charges, and the LODs. The Company absolutely denies that it has engaged in any conduct in violation of Title VII, or any state, local or other federal law. Rather, the Company is entering into this Consent Decree to avoid further expenses and the ongoing disruption of operations related to this litigation. TIC's entry into this Consent Decree is not, and shall not be argued or accepted as, evidence of any violation by TIC of Title VII or of any state, local, or other federal law or constitution. The EEOC may not tender or use this Consent Decree as evidence in any legal proceeding, including the determination of charges and/or the decision to issue a Commissioner's Charge, except a proceeding in which an issue in the proceeding is the enforcement of this Consent Decree.

5.    The EEOC's Complaint was filed on June 11, 2001, and alleges that TIC and its parent company, TIC Holdings, Inc. ("TICH") engaged in unlawful practices under Title VII related to the recruiting and hiring of construction workers, which practices had the effect of denying employment to African Americans because of their race. The term "African American" herein shall refer to any person whose race is Black, irrespective of national origin, birthplace, etc. As such, for example, a Black person born in England would be an African American for purposes of this Decree. The term "Blacks" shall sometimes herein be used interchangeably with the term "African Americans." The Complaint also alleges that TIC and TICH failed to make and preserve records relevant to the determination of whether unlawful employment practices had been or were being committed, under Title VII, Section 709(c).

6.    On October 31, 2001, TIC filed its Answer, denying all of the EEOC's allegations of violations of federal law.

7.    On November 12, 2002, the Court entered an Order of Dismissal of all claims against TIC Holdings, Inc., in Civil Action No. 01-1776, with prejudice. TICH is thus not a party to or bound by this Consent Decree. Nothing in this Decree shall affect any agreement into which the EEOC might have entered with TIC Holdings, Inc. prior to the Court's entry of this Decree.

8.    As a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that the Complaint should be finally resolved by entry of this Decree. The Parties have entered into this Decree to avoid unnecessarily protracted, expensive and disruptive litigation; to provide final and preclusive effect to the claims and issues that were raised pursuant to the Individual Charges with respect to employment actions that occurred prior to the effective date hereof and to resolve and to provide similar final and preclusive effect to all allegations contained in the Complaint; and to provide an expedited procedure for providing compensation to Qualified Claimants. The Parties agree that this Decree resolves all claims arising out of the Individual Charges and the Complaint filed in this action, and constitutes a complete resolution of all claims by the Commission of employment discrimination that were made or could have

been made in this action and/or which raise allegations of race discrimination in recruiting and/or hiring for construction positions based on actions taken or occurring before the date of entry of this Decree by the Court. The Parties further agree that this Decree does not, however, resolve any Charges filed by individuals that may be pending with EEOC other than the Charges specifically referred to in this paragraph or those that may be released by "Qualified Claimants" (as that term is defined herein) pursuant to this Decree. This Decree in no way affects the Commission's right to process and investigate timely pending and future charges filed by individuals against the Company in accordance with Commission procedures. This Decree in no way affects the rights of any individual who has a pending charge to commence a civil action on his or her own behalf against TIC if that individual chooses not to accept compensation under this Decree. However, should any such individual with a pending charge elect to receive compensation under this Decree and execute a release, as required by this Decree, he or she would be barred from commencing any civil action and his or her pending charge would be dismissed and extinguished by such release and receipt of payment hereunder. The EEOC shall not commence any civil action alleging discrimination, harassment or retaliation based on any claims alleged in any charge pending on or before the entry of this Decree, which claims could have been a part of this action and/or raise allegations of race discrimination in recruiting and/or hiring.

9.     This Decree constitutes the complete and exclusive agreement between the Parties with respect to the matters referred to herein. No waiver, modification or amendment of any provision of this Decree shall be effective unless set forth in a written agreement executed by the Parties and approved by the Court. No representations or inducements to compromise this action have been made, other than those recited or referenced in this Decree (including the Exhibits attached hereto) or expressly stated in a separate written agreement between the Parties. Neither Party may approach the Court seeking any modification, amendment, extension, or other order concerning this Consent Decree without having first discussed, in person or by telephone, the proposed change and sought agreement by or resolution with the non-moving Party.

10.   The effective date of the Decree shall be the date of the Court's entry of the Decree (the "Effective Date").   Unless extended by the Court for good cause, subject to provisions set forth within, the Decree shall continue in force and effect for a period of three (3) years from the Effective Date.   Prior to its expiration, either Party may move the Court for an extension of the obligations of that part of the Decree that such Party contends not to have been complied with or completed, and the Decree shall remain in effect only as to such provisions until the Court rules on the motion or otherwise orders.

NOW, THEREFORE, the Court having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record and stipulations of the Parties, it is ORDERED, ADJUDGED AND DECREED THAT:

11.   This Court has jurisdiction over the subject matter of this action and over the Parties for purposes of entering and enforcing this Decree.

12.   The terms of this Decree are adequate, fair, reasonable, equitable and just.

13.   This Decree conforms to the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person.   The entry of this Decree will further the objectives of Title VII and will be in the best interests of the Parties, those for whom the EEOC seeks relief, and the public.

## Term of Consent Decree

14.   The duration of this Decree shall be three (3) years from the entry of this Decree by the Court.   This Court shall retain jurisdiction over this matter and the Parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes.   As such, the Court will retain jurisdiction after the expiration of the term of the Decree with regard to any disputes concerning compliance herewith.

## Monetary Relief

15.    TIC shall pay the gross sum of TWO MILLION THREE HUNDRED THOUSAND DOLLARS ($2,300,000) ("Class Fund"), into a segregated account (the "Class Fund Account") in the manner described herein:

A.    Within thirty (30) days after the Effective Date, TIC shall establish and maintain a segregated account, which shall be known as the "Class Fund Account." TIC shall fund the Class Fund Account with the full amount of the Class Fund by such time as TIC is required by this Decree to distribute payments from the Class Fund to Qualified Claimants.

B.    The Class Fund Account shall be an account in an established financial institution selected by TIC.

C.    The Class Fund will be distributed in accordance with the provisions of this Decree. Under no circumstances may TIC make withdrawals or expenditures from the $2,300,000 principal of the Class Fund, except as provided in the Decree.

D.    Nothing in this paragraph shall require TIC to deposit monies into the Class Fund Account in the event this Decree is vacated, rejected, or otherwise modified by any competent court, such that it no longer reflects the intent of the Parties. In that event, if the Parties or the Court are unable to reform the Decree so that the basic intent of both Parties is met, TIC is relieved of any obligation to deposit any monies into the Class Fund Account, and any monies (including interest earned) existing in the Class Fund Account at such time, shall immediately be repaid to TIC.

16.    In addition to the Class Fund described above, TIC shall further pay the gross sum of TWO HUNDRED THOUSAND DOLLARS ($200,000) into the Minority Development Program which is described in further detail hereinbelow at paragraph 34. Within thirty (30) days after the Effective Date, TIC shall establish and maintain a segregated account which shall immediately be funded by TIC with the sum of the aforementioned TWO HUNDRED THOUSAND DOLLARS ($200,000). This account will be known as the "Minority Development Account." Expenses associated with the implementation and administration of the

Minority Development Program, as discussed hereinbelow, may not be paid from the principal of the Minority Development Account, except as may be provided elsewhere in this Decree. Further, the funds deposited in this account shall be used solely for the purposes stated herein for such funds regardless of whether they are fully expended during the term of this Decree.

### Claims Process and Distribution of Class Fund

17.    **Introduction.**    The Class Fund shall be used to make payments to African-Americans who timely submit Claim Forms and satisfy the eligibility criteria set forth herein (such persons are hereinafter referred to as "Qualified Claimants"). The identification and determination of Qualified Claimants and the determination of the amount of monetary relief to be received by any Qualified Claimant shall be accomplished as described in paragraphs 18 through 23 below. No persons other than Qualified Claimants or their representatives shall receive any payments from the Class Fund, except as otherwise provided in this Decree.

18.    **Identification of Potential Qualified Claimants.**    Qualified Claimants will be selected from among the members of the "Potential Claimant Pool," and the members of the Potential Claimant Pool will be determined as follows:

The Potential Claimant Mailing List will include each of the 131 African Americans (some of whom responded to the EEOC's mailings to all unsuccessful applicants for the period January 1, 1994, through May 31, 1998, and a list of whom has been supplied by the EEOC to TIC) and each of those individuals in TIC's Applicant Log through November 30, 2002, who are identified in the Log as being Black and as not having been hired; provided that TIC will have thirty (30) days from the Effective Date within which to identify in writing to the EEOC those individuals, if any, who should not be included in the Potential Claimant Mailing List because the individual (1) is not African American or (2) was, in fact, hired to work on the TIC project to which he or she submitted an application for work, when it is that application upon which is based the determination that he or she was an unsuccessful applicant. No mailings or other means of solicitation or communication shall be used to generate names for the Potential Claimant Mailing List.

Should a person contact the EEOC and present objective and independently verifiable evidence that he or she meets the requirements to be a Qualified Claimant, then the EEOC shall provide notice to TIC of its intent to include that person in the Potential Claimant Mailing List, together with the evidence demonstrating that the person meets the requirements to be a Qualified Claimant. The person shall be included in the Potential Claimant Mailing List unless, within thirty (30) days of receipt of notice and the evidence, TIC provides the EEOC with written notice of its objection to inclusion of that person in the Potential Claimant Mailing List and a statement of the reason for the objection. If the EEOC and TIC are unable to reach agreement on whether the person should be included in the Potential Claimant Mailing List, the dispute shall be submitted to the Magistrate Judge.

TIC and the EEOC have reached agreement upon a Claim Form and the text of the cover letter for the Claim Form, copies of which are attached hereto as Exhibits One and Two respectively. Once the composition of the Potential Claimant Mailing List has been established, as described above, the EEOC will advise TIC of the "Start Date," on or after which the EEOC may begin mailing cover letters and Claim Forms to each individual on the Potential Claimant Mailing List. The "End Date" shall be that date ninety (90) days after the Start Date. The Potential Claimant Pool shall be comprised of those individuals on the Potential Claimant Mailing List who return to the EEOC a completed and executed Claim Form which is received by the EEOC or is postmarked on or before the End Date. No individual whose Claim Form is not received or postmarked on or before the End Date shall be included in the Potential Claimant Pool, unless he or she can demonstrate to the Court good cause why he or she was unable to timely return the Claim Form (for example, being out of the country during the time of the delivery of the Claim Form to the date the Claim Form was due to be returned.).

19. **Initial Selection of Qualified Claimants and Determination of Monetary Relief.** The EEOC shall examine all Claim Forms received from members of the Potential Claimant Pool and make an initial determination of which individuals it considers to be Qualified Claimants, as the term "Qualified Claimant" is defined in paragraph 22 of this Decree. For each

individual which it initially determines to be a Qualified Claimant, the EEOC shall also make a determination as to the amount of the monetary remedy which it believes should be awarded to that Qualified Claimant. Within 60 days after the End Date, the EEOC shall provide to TIC a list of all Qualified Claimants, copies of their Claim Forms, and the amounts proposed to be allocated to each of them from the Class Fund. TIC shall have sixty (60) days from receipt of that list (the "Objection Date") within which to notify the EEOC of any objections to the eligibility of any claimant to receive compensation and to provide the EEOC with an explanation of TIC's reasons for objection, with any supporting documentation TIC may have. If TIC does not notify the EEOC of its objection to the EEOC's initial determination as to a particular claimant by on or before the Objection Date, that individual shall become a Qualified Claimant and, upon execution of the required release, shall receive the recommended amount of compensation.     If TIC objects to the EEOC's initial determination with regard to a claimant, that determination shall be dealt with as a "disputed claim" in accordance with the procedures of Paragraph 20 below.

The sole grounds on which TIC may object to the EEOC's initial determination as to a particular claimant's status as a Qualified Claimant are (a) that TIC would not have hired the individual because he or she failed a drug test at the time of application for employment, (b) that the individual was, in fact, hired to work on a TIC project within sixty (60) days of the date upon which he or she submitted the application upon which is based the determination that he or she was an unsuccessful applicant, (c) that the claimant lacked a license or training certification required for the position for which the claimant applied, (d) that the claimant refused employment offered by TIC, (e) that claimant was offered employment by TIC but failed to appear for work as scheduled,  and/or (f) that the individual is not Black. The EEOC's determination of an individual as a Qualified Claimant shall be presumed by the Magistrate Judge to be correct, and TIC shall bear the burden of proving by a preponderance of the evidence that any such person is not a Qualified Claimant based on one or more of grounds (a), (b), (c), (d), (e) or (f) enumerated in this paragraph. TIC shall play no role in, and may not object to, the

amount allocated by the EEOC to any Qualified Claimant, provided, however, that in no event shall that amount exceed the Standard Individual Compensation Limit defined and imposed by Paragraph 23 of this Decree, namely $20,000.

20.    **Magistrate Judge and Resolution of Disputed Claims.**  The Magistrate Judge shall be the claims arbiter in the event of a disputed claim.  In the event TIC and the EEOC cannot reach agreement on the eligibility of any claimant, the final decision shall be made by the Magistrate Judge, whose decisions shall be binding.  If TIC objects to the eligibility of any claimant to receive compensation, TIC shall have sixty (60) days from the date of TIC's written notice to the EEOC of its objection, to file with the Magistrate Judge a written notice of the disputed claim and any documents and argument supporting TIC's position with respect to the disputed claim.  The EEOC shall have thirty (30) days from the date on which TIC files its notice of the disputed claim with the Magistrate Judge within which to submit to the Magistrate Judge the EEOC's response.   The Magistrate Judge will issue his final decision (the "Claims Decision") to the EEOC and TIC, in writing, regarding any such disputed claim(s).   If the Magistrate Judge determines that an individual is not a Qualified Claimant, no further action will be taken with regard to that claimant, except to provide notice as provided herein.   If the Magistrate Judge determines that an individual is in fact, a Qualified Claimant, then that Qualified Claimant will receive the monetary remedy determined by the EEOC, unless it exceeds the Standard Individual Compensation Limit.  In that case, the Claims Arbiter shall reduce the amount to the Standard Individual Compensation Limit.

To the extent possible, the Parties shall simultaneously present all disputed claims to the Magistrate Judge for resolution.

Information submitted by the Parties to the Magistrate Judge concerning Disputed Claims and the Magistrate Judge's decisions regarding those Disputed Claims shall be treated as confidential information and shall be sealed and not divulged or made available to the public.

21. **Notification.** For purposes of the claims determination and objection process as described in this Decree, notification to TIC shall be made by the EEOC by mailing or faxing same to TIC's counsel, Lawrence W. Marquess, Littler Mendelson, 1200 17th Street, Suite 2850, Denver, Colorado 80202, fax no. 303-629-0200, and to TIC's General Counsel, Colin Reid, 2211 Elk River Road, Steamboat Springs, Colorado 80477, fax no. 970-879-5052. Notification to the EEOC shall be made by TIC by mailing or faxing same to Keith Hill, Regional Attorney, EEOC, New Orleans District Office, 701 Loyola Avenue, Suite 600, New Orleans, Louisiana 70113, fax no. 504-589-2805. Any party may change such addresses by written notice to the other parties, setting forth a new address for this purpose.

22. **Definition of Qualified Claimant.** A Qualified Claimant is a Black individual who applied and was rejected for employment by TIC in a construction operator, laborer, or craft worker position between January 1, 1994 and November 30, 2002, and who was qualified for the position sought, unless the Magistrate Judge finds that TIC has met its burden of proof that it would not have hired the individual irrespective of his or her race, as described in Paragraphs 19 and 20 of this Decree. Provided, however, that, in determining whether or not TIC hired an individual on a project, primary reliance shall be placed on the Marathon, CMIS, or any successor database. TIC agrees that it has a duty to reasonably supplement from other sources, the information contained in these databases when necessary data is not contained therein and to the extent reasonably possible, to correct the information contained in the databases, when it becomes apparent that specific information pertaining to hiring in one or more of the databases is inaccurate.

23. **Compensation for Qualified Claimants.** The amount of compensation for a Qualified Claimant shall be determined in the sole discretion of the EEOC, provided that no Qualified Claimant shall receive more than TWENTY THOUSAND DOLLARS ($20,000) (the "Standard Individual Compensation Limit") in compensation under this Decree.

24. **Notification of Eligibility and Monetary Award.** Within forty-five (45) days after the issuance of the Claims Decision with respect to a disputed claim, or within forty-five

(45) days of the deadline for TIC to object to the eligibility of a proposed claimant, as the case may be, the EEOC shall mail to each person from whom it has received a Claim Form a letter in the appropriate one of the two agreed forms attached as Exhibits Three and Four. If it is determined that the individual is not a Qualified Claimant, he or she will receive a letter in the form of Exhibit Three.  If the individual has been determined to be a Qualified Claimant, he or she will receive a letter in the form of Exhibit Four and the Release And Settlement Agreement form ("Release") (Exhibit Five hereto).  The letter will also inform the Qualified Claimant that the entire payment will represent taxable income and that applicable taxes will be withheld from any payment.

25.    **Claims Forms Treated as Confidential.**  Claim Forms received by the EEOC shall be treated as confidential and shall not be disclosed to any other person or entity, except that such Claim Forms will be submitted confidentially to TIC and the Court in accordance with the claims process set forth in this Decree, and shall be stored in the manner in which the EEOC maintains all of its confidential files for a period of at least two (2) years after the cessation of the Consent Decree.

26.    **Notification of Final Distribution Amount and Release of Claims.**  The letter referenced in paragraph 24 above will notify the Qualified Claimant of the gross (pre-tax) amount of the payment to which such Qualified Claimant was finally determined to be entitled (hereinafter, the "Notice of Final Gross Settlement Amount"), and shall further notify each Qualified Claimant that in order to receive any monetary payment under this Decree, he or she must execute and deliver to the EEOC the "Release".  The letter will inform each Qualified Claimant that such Release must be signed and the signature notarized, and returned to the EEOC so that it is postmarked or received no later than ninety (90) days after the date on which the EEOC mailed the Release and Notice of Final Gross Settlement Amount to such individual.

The letter will also inform each Qualified Claimant that he or she has the option to accept the Final Gross Settlement Amount by executing and returning the Release in the time allowed hereunder or to reject the Final Gross Settlement Amount in which case he or she will retain the

option to pursue any claims that he or she believes he or she may have against TIC.   Provided, however, that nothing herein shall be deemed to extend in any way the normal time limits for filing charges under Title VII.  The ninetieth (90th) day after the EEOC mailed such letter and Release to the Qualified Claimant shall be known as the "Due Date."

27.     Any Qualified Claimant whose executed Release is not postmarked or received by the EEOC on or before the Due Date will be ineligible for and forever barred from receiving any monetary relief under this Decree, unless he or she can demonstrate to the Court good cause why he or she was unable to timely return the Release (for example, being out of the country from the time of the delivery of the Release to the date the Release was due to be returned).  However, in no event shall any Eligible Claimant whose executed Release is not postmarked or received by the EEOC on or before the date three hundred (300) days after the date on which the Settlement Checks were mailed by TIC receive any monetary relief under this Decree; all remaining monies in the Class Fund will after such time be disposed of as provided for in paragraph 31, *infra*.

Within thirty (30) days after the Due Date, the EEOC will provide to TIC a list of all Qualified Claimants who have accepted the Final Gross Settlement Amount by executing and timely returning Releases, and the original of each Release.

28.     **Distribution of Final Settlement Amounts.**  Within twenty-one (21) days after the EEOC provides TIC with a list of the Qualified Claimants who have accepted the Final Gross Settlement Amount by executing and timely returning Releases and the amounts to be distributed from the Class Fund to each of them, TIC will mail the checks to the Qualified Claimants ("Settlement Checks") and shall promptly determine if any checks are returned or are not cashed after a period of Sixty (60) days has elapsed from the date on which the Settlement Checks were mailed by TIC.  TIC will provide the EEOC with copies and proof of mailing of the Settlement Checks within thirty (30) days of their mailing.  The EEOC may take, at its expense, further steps to communicate with those Qualified Claimants who did not receive and/or deposit their Settlement Checks.

29.     Fifty-five percent (55%) of the compensation received by any Qualified Claimant under this Decree shall be "wages," within the meaning of Section 3401 of the Internal Revenue Code, and all legally-required deductions from those wages, including but not limited to federal and state income taxes and withholding under the Federal Insurance Contributions Act ("FICA") and Federal Unemployment Tax Act ("FUTA"), shall be withheld from the Qualified Claimant's check and forwarded to the appropriate governmental agency.  TIC shall issue a W-2 to the Qualified Claimant for this portion of the compensation.  The employer's share of FICA and FUTA taxes for each Qualified Claimant shall likewise be taken from the principal of the Class Fund and forwarded to the appropriate governmental agency.  TIC shall have no other responsibility for such taxes or withholding.

The remaining forty-five percent (45%) of the compensation received by a Qualified Claimant under this Decree shall be compensatory damages for emotional harm.  As such, that portion (45%) of the compensation is not "wages" within the meaning of the Internal Revenue Code and is not subject to FICA, FUTA, and other employment taxes.  TIC shall issue a Form 1099 to the Qualified Claimant for this portion (45%) of his or her compensation under the Decree, and the Qualified Claimant shall be solely responsible for the payment of any and all taxes owed on that portion (45%) of compensation received under this Decree.

30.     **Class Fund Administrative Expenses**   All claims administration expenses, related to tasks for which TIC is responsible under this decree, including but not limited to, all costs associated with the creation of the Class Fund and Class Fund Account, and all costs related to the issuance and mailing of checks from the Class Fund, will be borne by TIC.  Such expenses may not be paid from the principal of the Class Fund.

31.     **Class Fund Surplus**   In the event that any portion of the principal of the Class Fund has not been distributed to Qualified Claimants after a period of three hundred (300) days has elapsed from the date on which the Settlement Checks were mailed by TIC, then such remaining amounts from the principal of the Class Fund shall be dedicated to one or more of the following: (a) support of two or more reputable trade schools or colleges, the number and

identities of which will be jointly decided by the EEOC and TIC; and (b) scholarships for students in such trade schools or colleges.

32.     **Qualified Claimants Status Database**     To facilitate oversight by the Commission and TIC of the claims administration process and of other undertakings set forth herein, so that the Parties may timely respond to any appropriate inquiries regarding the status of pending and settled individual claims, the EEOC shall create a database regarding the status and resolution of each such claim and shall provide an updated copy of it to TIC by the thirtieth day of each calendar month, beginning with the month in which occurs the Start Date on and after which the EEOC mails cover letters and Claim Forms to individuals on the Potential Claimant Mailing List.

## Non-Monetary Relief

33.     **Nondiscrimination**.  TIC shall not discriminate against Blacks in the hiring or recruiting of construction workers.  TIC shall not reject or otherwise deny employment to qualified Black applicants for construction job positions or otherwise discriminate against Black applicants and employees because of their race.  The Company agrees that it will not retaliate against any person because that person is a beneficiary of this Decree, or has provided information or assistance, or participated in any other manner in any investigation or proceeding relating to the Individual Charges, this litigation, and/or this Decree. In the event that TIC does so discriminate or retaliate, it shall constitute a violation of this Decree, with respect to which violation the EEOC shall have the opportunity to file an enforcement action with this Court.

34.     **Affirmative measures**.

A.     TIC will make good faith efforts to attract qualified African-American applicants for positions on TIC projects as open positions occur.  TIC will not discriminate on the basis of race in hiring for open positions on its projects.

B.     Beginning not later than ninety (90) days after the Effective Date or ninety (90) days after the date of delivery of written notice to TIC of Commission approval of the training

outline, whichever is later, TIC shall begin to provide a reasonable amount of training ("Initial Training"), covering the topics set forth in the training outline to all of its hiring officials and managers, subject to reasonable availability of the employees to be trained.  This Initial Training shall consist of at least the following:  a) TIC's obligations under the Decree; and b) TIC's statutory obligations under Title VII in general, and in particular its obligation not to discriminate on the basis of race in recruiting and hiring decisions.  TIC will provide the EEOC with a proposed training outline within sixty (60) days after the Effective Date.  The EEOC shall not unreasonably withhold approval of the topics in TIC's proposed training outline.

TIC shall complete this Initial Training not later than one hundred eighty (180) days after the Effective Date or one hundred eighty (180) days after the date of delivery of written notice to TIC of Commission approval of the training outline, whichever is later.  TIC shall provide to the EEOC a copy of all training materials used and a certification of the dates of, and attendance at, such training of TIC's hiring officials and managers engaged in hiring for construction positions.

C.    TIC will provide training with regard to Equal Employment Opportunity laws enforced by the EEOC in regard to the issue of race discrimination to all of its hiring officials and managers engaged in hiring for construction operator, laborer, and/or craft worker positions, once per calendar year over the life of the Decree.  In addition, TIC will continue to provide supervisory and leadership training to supervisory employees.  In addition to the current curriculum encompassing general supervisory, management and leadership training, TIC will expand the diversity training initiatives.

D.    The Minority Development Account, described above, shall be devoted to funding the Minority Development Program, described as follows:

### Purpose

It is the intent of the Minority Development Program that TIC will direct the funds in the Minority Development Account to those uses listed below in a way which will, in TIC's judgment based on its experience in the construction industry, best accomplish the objectives of the Minority Development Program to

train and recruit Blacks into the construction industry and to prepare them for greater opportunities within the company, including supervisory and management positions.

## Programs

1.  Job Corps recruiting

TIC seeks by this Minority Development Program to hire qualified Black graduates of Job Corps construction training programs into the industrial construction industry. This diverse group of graduates has selected construction as a trade and received basic training on math, blueprint reading, tools and safety, making them ideal candidates for entry-level positions within the company. TIC will partner with Job Corps on a national level to accomplish this.

2.  Targeted Recruiting/Scholarships

TIC shall identify a minimum of two (2) accredited or otherwise legitimate trade, vocational or technical schools that the company will partner with to recruit and train black individuals interested in a career in industrial construction work. The facilities will be chosen for their location, the quality of their curriculum and the quality of their teaching staff.

TIC will review the needs of the selected schools and may provide monetary or other support including, but not limited to, educational materials or supplies, raw materials or subject matter experts. In addition, the company will work with the facilities and provide scholarship opportunities to Black applicants who enroll in these facilities' construction curriculum.

TIC will work with the selected schools to offer and communicate scholarship opportunities to Black applicants. The maximum scholarship amount to any one individual will be capped at one thousand dollars ($1,000).

TIC will advertise the scholarship opportunities in areas reasonably expected to attract interested Black applicants.

Because the overall intent of this program is to increase the numbers of Blacks entering the industrial construction industry and working for TIC, the company may find it necessary to reevaluate the targeted schools and substitute different schools during the life of this Decree. TIC will, for the life of this Decree, provide information to the EEOC regarding the targeted schools and status of scholarship recipients within six (6) months of the date of entry of this decree and every 12 months thereafter.

3.  Focused Recruiting

TIC will participate in various recruiting efforts that will be focused on minimally and fully skilled Black construction workers. These efforts will include, at a minimum, recruiting from the military, trade schools, vocational schools and high schools.

4.  Outreach

TIC will continue its outreach efforts to attract qualified Blacks. TIC shall, through advertising and outreach activities, encourage Black construction workers to apply for employment with TIC. TIC shall consider for employment any person who is qualified for a position and who has an active application on file.

5.  Supervisory and Leadership Training Programs.

TIC will continue to provide supervisory and leadership training to supervisory employees. In addition to the current curriculum encompassing general supervisory, management and leadership training, TIC will expand the diversity training initiatives and progress with a comprehensive initiative designed to enhance the culture of inclusion within the company. The inclusion work will be focused on building the foundation within the company to progress towards creating a workplace where everyone can do their best work in an environment of equal opportunity.

6.  Account Expenditures

Acceptable expenditures against the Minority Development Fund will include, but not be limited to the following: scholarships, advertising costs, career fair and recruiting booth fees, travel expenses for recruiting trips, and other expenses identified within this section.

7.  Minority Development Account Reporting

TIC shall report to the EEOC for the life of the Decree, every 12 months, starting from the Effective Date, on all expenditures from the Minority Development Account.

E.      TIC shall. through advertising and outreach activities. encourage Black construction workers to apply for employment at TIC. In accord with and subject to TIC's Hiring Policies applicable to the position, TIC shall consider for employment any person who is qualified for a position and who has an active application for that position, on file. Nothing in this Decree shall be interpreted to change or require changes to TIC's current Hiring Policies and

practices or limit TIC's ability to implement changes to those Policies and/or practices, so long as those Policies and/or practices do not prevent TIC from complying with this Decree.

      F.    TIC shall, during the life of the Decree, retain all applications for employment in construction positions and all documents pertaining to the hiring of persons into construction positions.  In the event that the EEOC asserts a violation of this Decree, TIC shall keep all applications for employment in construction positions and all documents pertaining to the hiring of persons into construction positions until final resolution of the EEOC's claims.

      35.    **Reporting.**  TIC shall accurately maintain a searchable electronic file reflecting all applications received for construction jobs during the life of the Decree ("Applicant Data"), indicating in the file the position sought, the name and contact information of the applicant, the race of the applicant (if provided by applicants, including by the applicant in response to the invitation, which TIC shall make to all applicants, to voluntarily identify his or her race, as well as other information), the project identification number, and whether the applicant was hired. TIC shall for the life of the Decree provide the EEOC with the Applicant Data and the applications every twelve (12) months starting 12 months from the date of the entry of this Decree.  The Applicant Data shall be provided to the EEOC in ASCII format, or in some other computerized format mutually agreed to by the Parties.  TIC shall also provide with each report enclosing the Applicant Data a computerized list in ASCII format (or some other format mutually agreed to by the Parties) of all project sites indicating which project identification numbers correspond to which project locations.

      Unless otherwise specified herein, TIC shall for the life of the Decree report to the EEOC once every twelve (12) months, starting from the Effective Date, on TIC's actions in compliance with this Decree.  TIC shall, within sixty (60) days of written request from the EEOC, provide the EEOC with access on reasonable notice to the documentation, which supports the reports, which TIC makes under this Decree.  The EEOC shall be entitled to copies of all such documentation, to be made by TIC (or a designated agent), at the EEOC's expense.

36.   **Confidentiality**.  All reports, information, and documents submitted to the EEOC under this Decree shall be treated as confidential and shall not be provided to any non-Party to this Decree, except that such reports, information and documents may be reviewed by such experts or similar non-Parties as are engaged by either of the Parties to advise the Party concerning issues related to compliance with the Decree.   No such report, information or document shall be used by the EEOC for any purpose other than the enforcement of this Decree and such actions or reports as are required to meet the EEOC's constitutional and statutory obligations.  Before disclosing information to any such expert, the disclosing Party shall advise the expert that the information is confidential and that any use or disclosure of the information for any reason or purpose other than to advise the Parties concerning issues related to compliance with the Decree will violate this Consent Decree and may be punishable as contempt of Court.

### Additional Terms

37.   This Decree shall not constitute an adjudication and/or finding on the merits of the case.  By entering into this Decree, the Company does not admit that the allegations of the Complaint and/or the Commission's findings with respect to the Individual Charges were correct. The Company denies that any of its acts, omissions, programs or practices has at any time violated Title VII or any other federal, state or local law.   The Decree does not constitute evidence of any violation by the Company of Title VII or any other federal state or local law, regulation, or order.  The Commission shall not seek to use this Decree or the fact of its existence as evidence in any other matter involving the Company other than an action for enforcement of this Decree.

38.   If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act, or a decision by a court of competent jurisdiction, the Parties shall endeavor to agree upon which amendments to this Decree, if any, are appropriate to effectuate the intent of the Parties.  To the extent the remaining provisions of this Decree are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision, such remaining provisions shall remain in full force and effect, and the Parties'

responsibilities shall not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of the parties would be undermined.  In the event the intent of one or both of the Parties is undermined, the Parties shall attempt to negotiate such amendments to this Decree, subject to approval by the Court, as shall cause the Decree to again achieve the basic intent of the Parties.  Should the Parties fail to reach such an agreement, one or both Parties may submit the issue to the Court for resolution.  If the Court finds that the Decree cannot be reformed in a way, which meets the basic intents of the Parties, all of the Parties' responsibilities under this Decree will be deemed vacated.

39.      The terms of this Decree are the product of joint negotiations and shall not be construed as having been authored by one party rather than the other.

40.      Nothing in this Decree abridges or undermines the right of applicants, employees or former employees to file charges with appropriate local and state agencies and/or the Commission to seek protection pursuant to local, state and/or federal employment discrimination laws except to the extent they have waived these rights by execution of a Release as a Qualified Claimant under this Decree.

41.      Nothing in this Decree shall be deemed to waive or stay the running of any statute of limitations or deadline by which any person, party or claimant must file a charge or complaint with any administrative agency or file a complaint in court or take other action, or to reinstate the right of any person to take any action for which the time within which that action must be taken has passed.

42.      **Press Release and Media Contacts.**  The EEOC and TIC have agreed on a joint press release which is attached as Exhibit Six (the "Press Release").  The Press Release shall be released by both the EEOC and TIC shortly after the entry by the Court of this Consent Decree. Both the EEOC and TIC may post this Press Release on their respective websites and may distribute this Press Release to media organizations.

43.    **Enforcement of Decree.**  The EEOC and TIC will make best efforts to effectuate the terms of this Decree.  TIC shall within 30 days of the Effective Date designate a compliance official who shall be responsible for coordinating and overseeing TIC's compliance with this Decree and for communications with the EEOC concerning the Decree.   TIC shall within 30 days of such designation inform the EEOC of the name and contact information of said compliance official.

Within thirty (30) days of the Effective Date, the EEOC shall designate a "Contact Person" to whom TIC may direct all communications, including inquiries concerning this Decree, and who shall be responsible for providing timely answers on behalf of the EEOC.  The EEOC shall within 30 days of such designation inform TIC of the name and contact information of said Contact Person.

44.    The EEOC and TIC shall each have independent authority to seek the judicial enforcement of any aspect, term or provision of this Decree and to take appropriate measures to effectuate enforcement of this Consent Decree and any of its terms or provisions when it believes there has been a breach.

45.    **Dispute Resolution Procedure.**  If at any time during the duration of this Decree, it is alleged by the EEOC or TIC that a violation of its terms has occurred or a dispute arises over its interpretation, the EEOC or TIC may seek by motion to the Court to enforce compliance with its terms.  The EEOC may, within one year after its receipt from TIC of a report required by and in compliance with this Decree, file a motion alleging that a violation of the terms of the Decree occurred based upon that report.  If the EEOC learns of facts which it believes establishes a

violation of the Decree by means other than a report from TIC, then the EEOC shall have one year from the date on which it learned of such facts within which to file a motion alleging a violation of the Decree.  TIC may file a motion alleging that a violation of the terms of the Decree has occurred within one year of the time that it knew or should have known of the facts upon which it bases its allegation.  Provided, however, that no Party may initiate a motion alleging a violation of the Consent Decree more than five (5) years after the Effective Date of the Consent Decree.  Prior to filing a motion to enforce this Decree or resolve any dispute over its terms, the Party alleging a violation will notify the other Party in writing, stating the nature of its concerns.  The Party alleged to have violated the Decree shall respond in writing within twenty (20) days.  Thereafter, the Parties will conduct a face to face or telephonic meeting to attempt in good faith to informally resolve those concerns.  The EEOC and TIC may seek assistance from the Court in resolving any disputes.  If the Parties are unable to reach a resolution, only then may the Commission or TIC move to enforce the Decree.  The moving Party must attach to its motion a certification that the Parties have attempted to resolve the matter without court intervention.

46.     The Court will take whatever measures it deems appropriate to effectuate the enforcement of the terms of this Decree.

47.     Nothing in this Decree is intended to confer upon any person other than the EEOC and/or TIC the right to seek enforcement of this Consent Decree or of any of the terms contained herein.

48.     The Parties shall keep confidential the names of all Qualified Claimants and the amounts that each received under this Decree, except to the extent disclosure may be necessary to enforce a Release, to respond to inaccurate representations concerning the amount received by a Qualified Claimant, or for any other legitimate reason consistent with the terms of this Decree.

49.     The EEOC and TIC shall bear their own costs and attorneys' fees associated with this litigation and neither shall seek reimbursement for any investigative and/or litigation costs, fees or expenses in this matter, including but not limited to any costs or attorney's fees incurred in connection with enforcement and/or interpretation of this Consent Decree.

50.     The EEOC shall maintain and observe confidentiality with respect to documents pertaining to this dispute as required by applicable rules, regulations, and laws concerning the maintenance of government records. Within six (6) months of the expiration of this Consent Decree, or within six (6) months from the final resolution of any enforcement action brought relative to this Decree, whichever is later, the EEOC shall return to TIC any and all documents and electronic data bases provided by TIC to the EEOC in connection with this Consent Decree, and/or in response to discovery in this action and any information copied therefrom and shall not thereafter utilize any such documents or information in any pending or subsequent investigation or lawsuit.

51.     Six (6) months after expiration of this Consent Decree or six (6) months after the final resolution of any claims of breach of this Consent Decree which might be filed with the Court, whichever is later, the Complaint in this action and all claims raised therein against TIC will be dismissed, with prejudice, with each Party to bear its own attorneys' fees and costs.

52.     The EEOC may not distribute, disclose or otherwise disseminate now or at any time in the future, any documents or information contained in its investigative file regarding the Individual Charges or obtained during its investigation of those Charges, or during and as part of this litigation, unless such documents are part of the public record. In any case, the EEOC shall not distribute or disclose such documents and/or information without first providing adequate written notice (at least 60 days) to TIC such that TIC may object and, if necessary, initiate legal action to prevent the proposed distribution, disclosure or dissemination.  The EEOC shall not disclose or disseminate to anyone at any time any reports (including attachments) filed by TIC as required in this Decree, except as may be required to enforce this Decree.

53.     **Computation of Time Periods.**  In computing any period of time prescribed or allowed by this Decree, unless otherwise stated, such computation shall be made consistent with the Federal Rules of Civil Procedure.

54.     **TIC Not Required to Violate Existing Law**. TIC is not required by this Consent Decree to violate any applicable law, order, ordinance, or regulation as interpreted by controlling

judicial authority.  This paragraph applies to final decisions of all Federal and State courts and agencies with jurisdiction over TIC and to all court orders naming TIC.  In the event of any conflict between federal law and state or local law, ordinance, or regulation, federal law shall govern.

55.    **Notices.**  Except as is otherwise provided for in this Decree, all notifications, reports and communications to the Parties required under this Decree shall be made in writing and shall be sufficient as hand-delivered, faxed or sent by certified or registered mail to the following persons (or their designated successors): For TIC: Lawrence W. Marquess, Littler Mendelson, 1200 17th Street, Suite 2850, Denver, Colorado 80202, fax no. 303-629-0200; and Colin Reid, TIC—The Industrial Company, 2211 Elk River Road, Steamboat Springs, Colorado 80477, fax no. 970-879-5052.  For EEOC:  Keith Hill, Regional Attorney, EEOC, New Orleans District Office, 701 Loyola Avenue, Suite 600, New Orleans, Louisiana 70113, fax no. 504-589-2805.  Any party may change such addresses by written notice to the other parties, setting forth a new address for this purpose.  Notwithstanding the provisions for notification contained in this paragraph, the Parties may send each other such notifications, reports and communications by facsimile transmission.

56.    The agreements of the Parties stated in paragraphs 1 through 10 of the Decree are incorporated into and treated as part of this Order.

**SO ORDERED, ADJUDGED AND DECREED this** _2_ **day of** _April_ **, 2003.**

_____
Lance M. Africk
United States District Court Judge

APPROVED AS TO FORM AND CONTENT:

* * * * *

FOR DEFENDANT, TIC - THE INDUSTRIAL COMPANY:

_____
LAWRENCE W. MARQUESS (Trial Attorney)

* * * * *

FOR PLAINTIFF,
THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

_____          _____
KEITH T. HILL                               JEFFREY T. AGULAR

_____          _____
GREGORY T. JUGE (TA)                        ERANIA EBRON

## EXHIBIT ONE TO CONSENT DECREE

*U.S. Equal Employment Opportunity Commission*
*v.*
*TIC-The Industrial Company and TIC Holdings, Inc.*
*Case No. 01-1776 (E.D.La.)*

## CLAIM FORM

**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
v. TIC-THE INDUSTRIAL COMPANY**
Civil Action No. O1-1776 (E.D.La.)

***Instructions:*** Please answer every numbered question to establish your claim. Please provide as much information as possible. Feel free to write on the back of this form or to add additional pages as needed. If you are unsure of any information, particularly dates, please approximate and write "approx." If you do not know the answer to a question, please answer with "I don't know."

1.    Name: _____

2.    Race: (check one): ( )Black,  ( )White,  ( )Hispanic, ( ) Other

3.    Social Security Number:_____

4.    Current Mailing Address _____
        City/State:_____    Zip Code: _____

5.    Home Telephone Number (including area code): _____) _____

6.    Daytime Telephone (including area code):  ( ____ ) _____

7.    Have you ever been employed by TIC-The Industrial Company? Yes ( )   No ( )

8.    Have you ever submitted an application for a job with TIC-The Industrial Company? Yes ( )   NO ( )

9.    If your answer to question 8 was "Yes," how many times have you submitted an application for a job with TIC-The Industrial Company?

10.    For each time that you submitted an application to TIC-The Industrial Company, please answer the following questions:

        (i)    On what date did you submit the application? _____

1

(ii)     Where did you submit the application?  _____

(iii)    For what position(s) (e.g. pipefitter, carpenter, welder etc.) did you submit the application?  _____

(iv)    Where was the position for which you applied located (e.g. city, county, state, name of project, etc.)?  _____

(v)     Were you offered a position with TIC after you submitted the application? ( ) Yes     ( ) No

**NOTE: YOU MAY BE REQUIRED TO PROVIDE ADDITIONAL INFORMATION IN ORDER TO RECEIVE ANY BENEFIT FROM THE SETTLEMENT OF THIS LAWSUIT.**

## MAILING INSTRUCTIONS

**After signing below, this Claim Form must be mailed or otherwise delivered to the United States Equal Employment Opportunity Commission so that it is postmarked or actually received by no later than _____. The address is as follows:**

**United States Equal Employment Opportunity Commission
[Address]**

## SIGNATURE

I, (print name)_____ , declare, under penalty of perjury that all of the information contained on this form is true and correct.

_____          _____
            Claimant                                              Date

2

**EXHIBIT TWO TO CONSENT DECREE**

*U.S. Equal Employment Opportunity Commission*
*v.*
*TIC-The Industrial Company and TIC Holdings, Inc.*
*Case No. 01-1776 (E.D.La.)*

*CONSENT DECREE CLAIM FORM COVER LETTER*

[Address of Potential Claimant]

Re:   Claim Form for Participation in Discrimination Lawsuit Settlement

Dear _____:

The United States Equal Employment Opportunity Commission ("EEOC") and TIC – The Industrial Company ("TIC") have settled a lawsuit brought by the EEOC against TIC, alleging that TIC's hiring policies during the period January 1, 1994 through November 30, 2002, had had the effect of discriminating against Black individuals who were qualified for and applied for positions with TIC as craft workers. Although the allegations have not been proven and TIC denies that it has ever discriminated against Black individuals applying for work on its projects, TIC and the EEOC have agreed to settle the lawsuit in order to avoid the disruptions, costs, and delays of going to trial. As a result, a fund has been set up from which to compensate individuals who demonstrate that they are "Qualified Claimants" under the terms of the settlement.

As a result of a review of TIC's records, it has been determined that you may be a "Qualified Claimant" and entitled to participate in the fund. In order to make that determination, it is necessary that you provide the information, in as great a detail as possible, requested in the accompanying Claim Form.

Should you wish to be considered for participation, it is necessary that you complete and execute the Claim Form and return it to the EEOC at the address stated in the "Mailing Instructions" on the Claim Form, so that the completed and executed Claim Form is received by the EEOC or is postmarked on or before _____, 2003. If you submit the completed Claim Form, the information which you provide in the Claim Form, together with information from other sources, will be used to determine whether you are a "Qualified Claimant" and thus, eligible to participate in the settlement fund. After your completed Claim Form is received and considered, you will be notified by mail as to whether you have been determined to be a "Qualified Claimant."

Failure to return the completed and signed Claim Form on time will preclude you from being considered for participation.

If you have any questions, you may call _____ at _____.

## EXHIBIT THREE TO CONSENT DECREE

*U.S. Equal Employment Opportunity Commission*
*v.*
*TIC-The Industrial Company and TIC Holdings, Inc.*
*Case No. 01-1776 (E.D.La.)*

*NOTIFICATION – INELIGIBILITY TO PARTICIPATE*

[Address of Ineligible Individual]

Re:     Notification of Ineligibility To Participate in Settlement

Dear _____:

As you know, you recently submitted through the United States Equal Employment Opportunity Commission, a Claim Form to be used in determining whether you are a qualified claimant entitled to participate in the proceeds of a settlement of a lawsuit between the EEOC and TIC – The Industrial Company.  The information which you submitted on the Claim Form has been thoroughly evaluated, together with information from other sources, and it has been determined that you are not eligible to participate in the settlement.  If you have any questions, you may contact _____, at _____.

Very truly yours,

## EXHIBIT FOUR TO CONSENT DECREE

***U.S. Equal Employment Opportunity Commission***
***v.***
***TIC-The Industrial Company and TIC Holdings, Inc.***
***Case No. 01-1776 (E.D.La.)***

### *CONSENT DECREE NOTIFICATION – ELIGIBILITY TO PARTICIPATE*

[Address]

Dear _____:

As you know, you recently submitted through the United States Equal Employment Opportunity Commission ("EEOC"), a Claim Form to be considered in determining whether you are a "Qualified Claimant" who is eligible to participate in the proceeds of a settlement of a lawsuit between the EEOC and TIC – The Industrial Company ("TIC"). After thorough evaluation of the information which you included in your Claim Form, together with information from other sources, it has been determined that you are a Qualified Claimant and that, subject to certain conditions described below and in the enclosed "Settlement And Release Of Claims" form, you are entitled to receive a one-time payment in the gross amount of $_____. The entire payment will represent taxable income to you. You will be issued a W-2 form, reflecting that portion of your payment attributable to wages, from which taxes, including income taxes, FICA, and FUTA will be withheld. For the remainder of the payment, you will be issued a Form 1099. Taxes will not be withheld from the amount reported on the Form 1099, and you will be responsible for payment of any taxes owed on that amount.

If you want to participate in the settlement and to receive this payment, you must complete and sign the enclosed "Settlement and Release of Claims" and have your signature notarized. You must then return the signed and notarized "Settlement And Release of Claims," together with the original of this cover letter, to the EEOC at the address set forth above. The letter and release form must be received by the EEOC, or at least postmarked by, no later than 90 days from the "Date of Mailing" of this letter. The "Date of Mailing" is stated at the bottom of this letter. Please check the box near the bottom of this letter, indicating that you do wish to participate in the settlement and that you are enclosing the signed and notarized "Settlement And Release Of Claims," sign where indicated at the bottom of this letter, and return the original, with the original "Settlement And Release Of Claims," to the EEOC at the address above. You should keep copies of this letter and the signed release for your records.

If you determine that you do not wish to participate in the settlement, please check the box below, indicating that you have decided not to participate in the settlement, sign below, and

return the original of this cover letter to the EEOC at the address above within 90 days of the "Date of Mailing."

Failure to return the signed and notarized "Settlement And Release Of Claims" and this cover letter so that they are postmarked or received by the EEOC on or before 90 days from the "Date of Mailing," will be taken as an indication that you do not wish to participate in the settlement, and you will be ineligible to participate in the settlement.

If you have any questions, you may contact _____ at _____.

Very truly yours,

I have considered the opportunity to participate in the settlement set forth in the letter, above, and decided:

☐   I **DO** wish to participate in the settlement and enclose with this letter the completed, signed and notarized Settlement And Release of Claims.  I understand that the check representing my participation in this settlement will be mailed to me at the address above.

☐   I **DO NOT** wish to participate in the settlement and therefore, am not returning the Settlement And Release of Claims.  I understand that because I have made this choice, I am not eligible to receive any payment under the settlement.

_____          Date: _____
      (Signature)

**DATE OF MAILING:** _____

(This is to be treated as the official date on which this letter from the EEOC was mailed to you.  In order for you to participate in the settlement, your response and the executed Settlement And Release Of Claims, must be received by the EEOC or be postmarked no later than 90 days from this date.)

## EXHIBIT FIVE TO CONSENT DECREE

*U.S. Equal Employment Opportunity Commission*
*v.*
*TIC-The Industrial Company and TIC Holdings, Inc.*
*Case No. 01-1776 (E.D.La.)*

## SETTLEMENT AND RELEASE OF CLAIMS BY ____[Insert Name}_____

1.    I, _____[Print your name], Social Security No.
_____, whose current home address is _____, understand that TIC-The Industrial Company ("TIC") and the United States Equal Employment Opportunity Commission (the "EEOC") have agreed to settle the EEOC's Complaint in Civil Action No. 01-1776, United States District Court for the Eastern District of Louisiana, which alleges that TIC's recruiting and hiring practices for construction workers have had the effect of discriminating against Blacks in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

2.    I understand that TIC absolutely denies the EEOC's charges of discrimination and that there has been no determination in the lawsuit that the EEOC's claims have merit or that TIC has in any way discriminated against Blacks. I understand that TIC has agreed to settle the case only to avoid the disruption and costs involved in defending the case.

3.    I also understand that, because I have been determined to be a "Qualified Claimant" under the Consent Decree by which TIC and the EEOC have settled the case, TIC has agreed to pay to me the gross amount of _____ dollars, less legally-required withholding and taxes, provided that I agree to the terms of and execute this Settlement and Release of Claims ("Release"). The amount TIC actually pays me will be less than the amount stated in the previous sentence because TIC will withhold taxes from that amount as required by local, state and federal law. I understand that I will remain solely responsible for any tax liability related to my receipt of this payment.

4.    In exchange for TIC's payment to me described in paragraph 3, above, I agree to release TIC (including its parent company, subsidiary companies, affiliated companies, and its and their officers, directors, employees, agents, representatives attorneys, successors and assigns) from any and all claims, whether known or unknown, related in any way to my application or applications for employment and/or to TIC's recruitment, hiring, or employment practices, policies, and/or actions, which claims (1) existed at or before the date on which I execute this Release and/or (2) arise from and/or are based in any way, in whole or in part, on facts or actions which occurred on or before the date on which I execute this Release. Without limiting the scope of the language above, I understand that I am releasing any and all claims I might have against TIC for failing to hire me because of my race during the period January 1, 1994, to December 31, 2002, including but not limited to, claims under Title VII of the federal Civil Rights Act of 1964 and any similar local or state statutes. I also agree not to file any

administrative charge or complaint in court or to take any other action to prosecute those claims which I release.

5.     I understand and agree that, by making the payment described in paragraph 3, above, TIC does not admit that it has committed any violation of any law, that it has discriminated against me, or that it has acted improperly towards me in any way.  TIC denies any such allegation.

6.     I understand and agree that I am to keep the amount and nature of this payment confidential and not publicize it to others.

7.     By my signature on this Release, I certify that I have read this Release carefully and that I understand the meaning of this Release and that by signing it and accepting the payment described in paragraph 3, I am forever giving up the right to pursue any legal claims described above that I may have against TIC and others related to TIC.  I also certify that I understand that I had the opportunity to review this Release with an attorney chosen by me, before signing it, and that if I did not choose to seek the assistance of an attorney, I made that decision freely and without coercion.

### *Signature*

I, _____, declare, under penalty of perjury, that I have read the Release and that all of the statements and information contained in the Release are true and correct.


_____
Signature


_____
Printed Name

Date of Signature:_____

STATE OF _____ )
                                    )ss.
COUNTY OF _____ )

     SUBSCRIBED AND SWORN TO before me this _____ day of _____, 200__, by _____.

     WITNESS MY HAND AND OFFICIAL SEAL.


_____
Notary Public


_____
My Commission Expires

<u>**EXHIBIT SIX TO CONSENT DECREE**</u>

*U.S. Equal Employment Opportunity Commission*
*v.*
*TIC-The Industrial Company and TIC Holdings, Inc.*
*Case No. 01-1776 (E.D.La.)*

*Agreed Joint Press Release*

| | |
|---|---|
| **JOINT PRESS RELEASE**<br>**FOR IMMEDIATE RELEASE**<br>March __, 2003 | **CONTACT:**  **Patricia Bivins**<br>**District Director**<br>**(504) 589-3842**<br>**or**<br>**Keith T. Hill**<br>**Regional Attorney**<br>**(504) 589-3844**<br>**TTY:**  **(504) 589-2958**<br>**or**<br>**Colin Reid**<br>**General Counsel –TIC**<br>**(970) 879-2561, ext. 3774** |

# EEOC AND TIC—THE INDUSTRIAL COMPANY SETTLE DISCRIMINATION LAWSUIT
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
*African Americans to Benefit from Consent Decree*

NEW ORLEANS – The U.S. Equal. Employment Opportunity Commission (EEOC) and TIC—The Industrial Company (TIC) today announced the entry of a $2,500,000 settlement of a class racial discrimination lawsuit filed against the Steamboat Springs, Colorado-based industrial construction company.  ( *EEOC v. TIC—The Industrial Company*, C.A. No. 01-1776, E.D. La). The settlement, by Consent Decree, has been approved by U.S. District Court Judge Lance Africk.

The EEOC's lawsuit alleged that TIC violated Title VII of the Civil Rights Act of 1964 by failing to recruit and hire African Americans into construction positions.

TIC has denied the allegations made by the EEOC.

1

**EEOC AND TIC SETTLE DISCRIMINATION SUIT FOR $2.5 MILLION**
Page 2

Under the terms of the Consent Decree, TIC specifically denies any wrongdoing, but agrees to enter into the Consent Decree to avoid protracted litigation.  The Consent Decree provides for TIC to pay $2,300,000 in damages to be allocated to African Americans who unsuccessfully applied for work as construction workers with TIC between January 1, 1994 and November 30, 2002.  In addition, TIC will pay $200,000 to establish a Minority Development Program.  This program is intended by TIC to benefit African Americans by preparing them for employment in construction positions.  The program will include the distribution of funds to facilitate educational and employment opportunities for prospective TIC employees.  TIC also agrees to continue rigorous enforcement of its existing policies prohibiting discrimination, and to provide mandatory training to supervisors concerning the avoidance of racial discrimination and hiring. The term of the Consent Decree is three years.

"The issues raised in this lawsuit are extremely important and go to the heart of the federal anti-discrimination laws," said Keith Hill, Regional Attorney of the EEOC's New Orleans District Office.  "It is fundamental to the notion of equal employment opportunity that all candidates be considered for a job based on their qualifications and without regard to race or any other illegitimate basis. During the next three years, the EEOC will work with TIC to ensure that the procedures put in place by this Consent Decree will be administered properly."

Gary McKenzie, President of TIC, said, "Under this agreement, TIC will supplement its already extensive diversity training program, which is one of the principal elements of the commitment to diversity within our company.  We appreciate the EEOC's attitude and cooperation in working with us to achieve an agreement that helps us achieve our goal in increasing participation of African Americans in the construction industry and in our workforce in particular.  TIC does not and will not tolerate discrimination in its workplace on the basis of race.  While we continue to deny the EEOC's allegations, we feel this settlement is in the best interest of all involved."

In addition to enforcing Title VII, which prohibits employment discrimination based on race, color, religion, sex (including sexual harassment or pregnancy) or national origin and

**EEOC AND TIC SETTLE DISCRIMINATION SUIT FOR $2.5 MILLION**
Page 2

protects employees who complain about such offenses from retaliation, the EEOC enforces the Age Discrimination in Employment Act of 1967, which protects workers age 40 and older from discrimination based on age; the Equal Pay Act of 1963, which prohibits gender-based wage discrimination; the Rehabilitation Act of 1973, which prohibits employment discrimination against people with disabilities in the federal sector; Title I of the Americans with Disabilities Act, which prohibits employment discrimination against people with disabilities in the private sector and state and local governments; and sections of the Civil Rights Act of 1991. Further information about the Commission is available on the agency's website at www.eeoc.gov.

###